IRA B. DEMENT v. JAMES A. WILLIAMS.

1. PARTITION LINE.—A verbal partition line established and acted on is binding on parties and their assigns.
2. SAME.—See facts held insufficient evidence of verbal partition.

APPEAL from Raines. Tried below before the Hon. Z. Norton.

Dement sued Williams for five acres of land occupied by defendant, and on the east half of a 640-acre tract patented to Wesley Tollett. The 640 acres had in partition been apportioned, the east half to Margaret Tollett, afterwards wife of Elijah Trimble, under whom the plaintiff claimed ; the west half to Sarah Tollett, afterwards wife of William Trimble, under whom defendant claimed. William and Edward Trimble were brothers. The evidence on the trial appears in the opinion.

*Whitaker and Robertson,* for appellant.

*G. W. & Horace Chilton,* for appellee, cited George *v.* Thomas, 16 Tex., 85 ; McArthur *v.* Henry, 35 Tex., 801, and cases there cited.

GOULD, ASSOCIATE JUSTICE.—The evidence shows that the five acres of land in controversy are on the east half of the

Wesley Tollett 640-acre survey, if that survey be equally divided by a line running north and south. It also shows that the plaintiff was the legal owner of said east half, and under the pleadings was entitled to recover, unless a division line between the east and west half of said 640-acre survey had been established or acquiesced in so as to estop him from setting up any other as the true line.

In 1857 or 1858, some twelve or fifteen years before the trial, the east half was the property of Margaret Trimble, wife of Elijah Trimble, and the west half the property of her sister Sarah, wife of William Trimble, brother of Elijah. William Trimble desiring to improve his part of the land, and no surveyor being convenient, the two brothers, in company with a third brother, who testifies, "stepped off the land the best they could so as to enable William Trimble to know where to erect his fence." "They guessed at where the line would be," Elijah remarking that it made no difference whether they were over the line or not. William Trimble accordingly erected his fence, which remained there up to the trial, Elijah Trimble making no objection then or since. In April, 1870, Elijah Trimble and wife conveyed to the plaintiff, and it seems that the west half was then occupied and claimed by defendant Williams. It does not appear that this fence was adopted as a line, nor that any line was marked beyond the fence, which extended but a small part of the distance across the tract, and which varied from the direction of the corresponding lines of the tract five degrees. This brother testifies that nothing was said about this being the dividing line, and in another part of his testimony says that no division line had been agreed on or established. A brother-in-law of the Trimbles testified that he had frequently heard the brothers talk about the land, and never heard either of them say that there was any line established between them, and had never heard that the fence was recognized as a line. Elijah Trimble said that if the fence was over the line it made no difference between them. There

is no evidence tending to show the establishment of a division line between the brothers further than has been stated, and there is other evidence tending to show the contrary. In our opinion the evidence shows that they, neither of them, regarded it as very material whether William Trimble's field was entirely on his own land or was in part on his brother's; but it does not show that either of the lines of fence inclosing that field was agreed upon or was claimed by either of the brothers as the dividing line of the two tracts. · If these brothers never adopted any division line, either expressly or tacitly, there can be no pretense that the plaintiff is disturbing boundaries established by former proprietors. (Bolton *v.* Lann, 16 Tex., 113.) Looking to the evidence as embodied in the statement of facts, we think it does not support the finding of the jury, and that their verdict was clearly contrary to the evidence.

Because the court below erred in refusing to grant a new trial the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.